**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Theodore M. Gomez,<br><br>     Petitioner,<br><br>v.<br><br>Charles L. Ryan, Arizona Attorney General,<br><br>     Respondents. | CIV 11-01472 PHX SRB (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE SUSAN R. BOLTON:**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 26, 2011. Respondents filed an answer to the petition on October 12, 2011. See Doc. 9. Petitioner filed a reply to the answer to his petition and a memorandum of law in support thereof on November 15, 2011. See Doc. 13 & Doc. 14.

**I Procedural History**

A Maricopa County grand jury indictment issued December 27, 1995, charged Petitioner with six counts of sexual conduct with a minor and one count of sexual abuse. See Answer, Exh. A. All of the charges involved the same victim, a girl under the age of fifteen. Id., Exh. A. In a written plea agreement resolving these charges signed by Petitioner on March 6, 1996,

Petitioner agreed to plead guilty to two counts of attempted sexual conduct with a minor, designated as class 3 felonies and dangerous crimes against children in the second degree. Id., Exh. B. In exchange for Petitioner's guilty plea the state dismissed the other counts of the indictment. See id., Exh. B. The plea agreement specified that Petitioner would serve one year of "flat" time for each conviction and also be sentenced to serve a term of lifetime probation. The plea agreement specified that whether the sentences of imprisonment would be imposed consecutively or concurrently would be at the discretion of the sentencing court. Id., Exh. B.

On April 3, 1996, the state trial court suspended the imposition of sentence and placed Petitioner on lifetime probation. Id., Exh. C. The court ordered that, as a term of probation, Petitioner serve one year of flat time incarceration in a Maricopa County Jail. Id., Exh. C.

In April of 1999, following a finding that Petitioner had violated the terms of his probation, the state court reinstated Petitioner to lifetime probation. Id., Exh. D. In December 1999, following a second finding that Petitioner had committed a probation violation, the state court again reinstated Petitioner to lifetime probation. Id., Exh. E.

On July 6, 2000, after a third finding of a probation violation, the state court imposed a 10-year term of imprisonment pursuant to Petitioner's conviction on Count 1 of the indictment. See id., Exh. F. With regard to Petitioner's conviction on Count 2, the state court reinstated a term of

lifetime probation. Id., Exh. F.

On August 3, 2000, Petitioner initiated an action for state post-conviction relief. See id., Exh. G. On March 16, 2001, the Superior Court dismissed the action, citing Petitioner's failure to timely file a brief in support of his action for post-conviction relief. Id., Exh. H.

On December 14, 2007, apparently after Petitioner's release from prison pursuant to the sentence imposed in 2000, probation violation proceedings were again commenced and resulted in Petitioner's admission of violation of probation. Id., Exh. I & Exh. J. On February 4, 2008, the state court found Petitioner had violated a term of probation imposed with regard to his conviction on Count 2 of the 1995 indictment, and sentenced Petitioner to a 10-year term of incarceration on Count 2. Id., Exh. K. Petitioner was given credit for 694 days of pre-sentence incarceration. Id., Exh. K.

On March 17, 2008, Petitioner initiated an action for post-conviction relief with regard to the revocation of his probation and the imposition of the ten year sentence imposed on December 17, 2007, pursuant to Rule 32, Arizona Rules of Criminal Procedure. Id., Exh. L. In this action Petitioner asserted that, prior to 1997, the Arizona legislature had specifically provided that defendants could not be sentenced to a term of lifetime probation for an attempted or prepatory crime. Id., Exh. M. Accordingly, Petitioner argued, he could not be sentenced to a term of lifetime probation pursuant to his conviction based on the 1996 plea agreement. Petitioner's brief

cites to state legislative history and state court decisions. Petitioner also cited to a single United States Supreme Court opinion and declared that his sentence violated his federal constitutional right to be free of ex post facto laws. See id., Exh. M. Petitioner argued that his claim was timely because the sentencing error was fundamental.

The state court dismissed the post-conviction relief proceedings as untimely. See id., Exh. P.

> First, his claim is precluded as not timely filed and not previously raised when it could have been. Second, even if his claim is legally valid, it does not apply to him as he never served five years of probation when time is subtracted for periods of absconding, the other prison sentence being served, pending court proceedings, etc.

Petitioner sought review of this decision by the Arizona Court of Appeals, which denied review on February 25, 2011. Id., Exh. Q & Exh. R.

Petitioner asserts he is entitled to habeas relief because, he alleges, the sentence imposed with regard to his conviction in 1996 for crimes occurring in 1995 was not authorized by state statutes, i.e., he was sentenced to a term of lifetime probation in violation of his right to due process of law.

Respondents allow that the habeas action is timely filed but contend Petitioner has failed to state a cognizable claim for relief and that Petitioner failed to properly exhaust his claims in the state court because Petitioner did not assert the same basis for relief to all levels of the state courts when

-4-

exhausting his claims.

**II Analysis**

**A. Exhaustion and procedural default**

The District Court may only grant federal habeas relief on the merits of a claim which has been exhausted in the state courts. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Coleman v. Thompson, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991). To properly exhaust a federal habeas claim, the petitioner must afford the state the opportunity to rule upon the merits of the claim by "fairly presenting" the claim to the state's "highest" court in a procedurally correct manner. See, e.g., Castille v. Peoples, 489 U.S. 346, 351, 109 S. Ct. 1056, 1060 (1989); Rose v.Palmateer, 395 F.3d 1108, 1110 (9th Cir. 2005).[1]

The Ninth Circuit Court of Appeals has concluded that, in non-capital cases arising in Arizona, the "highest court" test of the exhaustion requirement is satisfied if the habeas petitioner presented his claim to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. See Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). See also Crowell v. Knowles, 483 F. Supp. 2d 925, 932 (D. Ariz. 2007).

---

[1] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2011).

-5-

To satisfy the "fair presentment" prong of the exhaustion requirement, the petitioner must present "both the operative facts and the legal principles that control each claim to the state judiciary." Wilson v. Briley, 243 F.3d 325, 327 (7th Cir. 2001). See also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). In Baldwin v. Reese, the Supreme Court reiterated that the purpose of exhaustion is to give the states the opportunity to pass upon and correct alleged constitutional errors. See 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004). Therefore, if the petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state law or a state procedural rule, the federal habeas claim was not "fairly presented" to the state court. See, e.g., id., 541 U.S. at 33, 124 S. Ct. at 1351.[2]

A federal habeas petitioner has not exhausted a federal habeas claim if he still has the right to raise the claim "by any available procedure" in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2010). Because the exhaustion requirement

---

[2] A petitioner must present to the state courts the "substantial equivalent" of the claim presented in federal court. Picard v. Connor, 404 U.S. 270, 278, 92 S. Ct. 509, 513-14 (1971); Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). Full and fair presentation requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief. See Scott v. Schriro, 567 F.3d 573, 582 (9th Cir. 2009); Lopez v. Schriro, 491 F.3d 1029, 1040 (9th Cir. 2007). Although a habeas petitioner need not recite "book and verse on the federal constitution" to fairly present a claim to the state courts, Picard, 404 U.S. at 277-78, 92 S. Ct. at 512-13, they must do more than present the facts necessary to support the federal claim. See Anderson v. Harless, 459 U.S. 4, 6, 103 S. Ct. 276, 277 (1982).

refers only to remedies still available to the petitioner at the time they file their action for federal habeas relief, it is satisfied if the petitioner is procedurally barred from pursuing their claim in the state courts. See Woodford v. Ngo, 548 U.S. 81, 92-93, 126 S. Ct. 2378, 2387 (2006). If it is clear the habeas petitioner's claim is procedurally barred pursuant to state law, the claim is exhausted by virtue of the petitioner's "procedural default" of the claim. See, e.g., id., 548 U.S. at 92, 126 S. Ct. at 2387.

Procedural default occurs when a petitioner has never presented a federal habeas claim in state court and is now barred from doing so by the state's procedural rules, including rules regarding waiver and the preclusion of claims. See Castille, 489 U.S. at 351-52, 109 S. Ct. at 1060. Procedural default also occurs when a petitioner did present a claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

Because the Arizona Rules of Criminal Procedure regarding timeliness, waiver, and the preclusion of claims bar Petitioner from now returning to the state courts to exhaust any unexhausted federal habeas claims, Petitioner has exhausted, but procedurally defaulted, any claim not previously fairly presented to the Arizona Court of Appeals in his direct appeal. See Insyxiengmay v. Morgan, 403 F.3d 657, 665 (9th Cir. 2005); Beaty v. Stewart, 303 F.3d 975, 987 (9th Cir. 2002). See also Stewart v. Smith, 536 U.S. 856, 860, 122 S. Ct. 2578, 2581 (2002) (holding Arizona's state rules regarding the waiver and procedural default of claims raised in attacks on criminal convictions are adequate and independent state grounds for affirming a conviction and denying federal habeas relief on the grounds of a procedural bar); Ortiz v. Stewart, 149 F.3d 923, 931-32 (9th Cir. 1998).

**C. Cause and prejudice**

The Court may consider the merits of a procedurally defaulted claim if the petitioner establishes cause for their procedural default and prejudice arising from that default. "Cause" is a legitimate excuse for the petitioner's procedural default of the claim and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). Under the "cause" prong of this test, Petitioner bears the burden of establishing that some objective factor external to the defense impeded his compliance with Arizona's procedural rules. See Moorman v. Schriro, 426 F.3d 1044, 1058 (9th Cir. 2005); Vickers v.

Stewart, 144 F.3d 613, 617 (9th Cir. 1998); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). To establish prejudice, the petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Generally, a petitioner's lack of legal expertise is not cause to excuse procedural default. See Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 908 (9th Cir. 1986). Additionally, allegedly ineffective assistance of appellate counsel does not establish cause for the failure to properly exhaust a habeas claim in the state courts unless the specific Sixth Amendment claim providing the basis for cause was itself properly exhausted. See Edwards v. Carpenter, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000); Coleman, 501 U.S. at 755, 111 S. Ct. at 2567; Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004).

To establish prejudice, the petitioner must show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting his entire trial with constitutional violations. See Vickers, 144 F.3d at 617; Correll, 137 F.3d at 1415-16. Establishing prejudice requires a petitioner to prove that, "but for" the alleged constitutional violations, there is a reasonable probability he would not have been convicted of the same crimes. See Manning v. Foster, 224

F.3d 1129, 1135-36 (9th Cir. 2000); <u>Ivy v. Caspari</u>, 173 F.3d 1136, 1141 (8th Cir. 1999). Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause. <u>See</u> <u>Engle v. Isaac</u>, 456 U.S. 107, 134 n.43, 102 S. Ct. 1558, 1575 n.43 (1982); <u>Thomas</u>, 945 F.2d at 1123 n.10.

### D. Fundamental miscarriage of justice

Review of the merits of a procedurally defaulted habeas claim is required if the petitioner demonstrates review of the merits of the claim is necessary to prevent a fundamental miscarriage of justice. <u>See</u> <u>Dretke v. Haley</u>, 541 U.S. 386, 393, 124 S. Ct. 1847, 1852 (2004); <u>Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S. Ct. 851, 861 (1995); <u>Murray v. Carrier</u>, 477 U.S. 478, 485-86, 106 S. Ct. 2639, 2649 (1986). A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is factually innocent. <u>See</u> <u>Murray</u>, 477 U.S. at 485-86, 106 S. Ct. at 2649; <u>Thomas v. Goldsmith</u>, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief). To satisfy the "fundamental miscarriage of justice" standard, a petitioner must establish by clear and convincing evidence that no reasonable fact-finder could have found him guilty of the offenses charged. <u>See</u> <u>Dretke</u>, 541 U.S. at 393, 124 S. Ct. at 1852; <u>Wildman v. Johnson</u>, 261 F.3d 832, 842-43 (9th Cir. 2001).

Petitioner presented the same legal argument raised in his habeas petition in his state Rule 32 action. However, Petitioner did not clearly present his claim as a violation of his federal constitutional rights. In his action for state post-conviction relief Petitioner did not use the term "due process," cite to any federal case or state case applying federal law with regard to a violation of the right to due process in sentencing. Petitioner summarily alleged a generic violation of his federal as well as his state constitutional rights. Petitioner alleged, without explication, that he had been denied his right to be free of an ex post facto law. Further in his brief in his state Rule 32 action Petitioner mentioned that the sentencing violated his right to equal protection. Because Petitioner did not properly exhaust his federal habeas claim asserting a violation of his right to due process of law, the Court may not grant relief on the merits of the claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. See, e.g., Woods v. Sinclair, 655 F.3d 886, 904-05 (9th Cir. 2011). Petitioner does not assert that he is actually innocent of the crimes of conviction or that he did not commit the probation violations. Petitioner does not assert that the plea agreement's provision of a sentence of lifetime probation was invalid, or that entering into the plea agreement was other than a voluntary and knowing act.

**E. Petitioner has failed to state a claim for relief**

Additionally, Petitioner's habeas claim may be denied because Petitioner has failed to state a claim for relief cognizable in a section 2254 action. Petitioner asserts that the state court erred in imposing his sentence, citing state statutes and state legislative history. Absent a showing of fundamental unfairness, federal habeas corpus relief is not available for a state court's misapplication of its own sentencing laws. See Swarthout v. Cooke, 131 S. Ct. 859, 861 (2011); Estelle v. McGuire, 502 U.S. 62, 67, 112 S. Ct. 475, 479-80 (1991); Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011); Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (claim that prior conviction was not a "serious felony" under California sentencing law not cognizable in federal habeas corpus proceeding). A petitioner does not "transform" a claim of error in application of state law into a federal habeas claim simply by asserting the error constitutes a violation of their right to due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

**IV Conclusion**

Petitioner failed to exhaust his federal habeas claim in the state courts as a claim that his federal right to due process of law was violated. Petitioner has not shown cause for nor prejudice arising from his procedural default of the claim. Additionally, the claim may be denied because Petitioner alleges

-12-

the state erred in application of its sentencing laws, a claim which, absent a showing of fundamental unfairness, does not state a cognizable claim for federal habeas relief.

**IT IS THEREFORE RECOMMENDED** that Mr. Gomez' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the

-13-

Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 21st day of November, 2011.

_____
Mark E. Aspey
United States Magistrate Judge

-14-